## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **WILLIAMS ANDERTON and MARGIE ANDERTON**,<br><br>Plaintiff(s),<br><br>vs.<br><br>**3M COMPANY** a/k/a MINNESOTA MINING & MANUFACTURING COMPANY;<br>**BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.);<br>**BRENNTAG SPECIALTIES, INC.** f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.);<br>**CHEVRON PHILLIPS CHEMICAL COMPANY LP** d/b/a DRILLING SPECIALTIES COMPANY;<br>**COLGATE-PALMOLIVE COMPANY** (sued individually and as successor-in-interest to THE MENNEN COMPANY);<br>**CONOCOPHILLIPS COMPANY** (sued as successor-by-merger to PHILLIPS PETROLEUM COMPANY);<br>**CONOPCO, INC.** d/b/a UNILEVER HOME & PERSONAL CARE USA (sued individually and as successor-in-interest to ELIZABETH ARDEN, INC.);<br>**CYPRUS AMAX MINERALS COMPANY** (sued individually, doing business as, and as successor to AMERICAN TALC COMPANY, METROPOLITAN TALC CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY);<br>**ELI LILLY AND COMPANY** (sued individually and as successor-in-interest to ELIZABETH ARDEN, INC.); | NO. _____<br><br>Civil Action |

12031073-1

**IMERYS TALC AMERICA, INC.** (sued individually and as successor-in-interest to LUZENAC AMERICA, INC. successor-in-interest to CYPRUS INDUSTRIAL MINERALS COMPANY and WINDSOR MINERALS, INC. and METROPOLITAN TALC CO. INC.);
**JOHNSON & JOHNSON;**
**JOHNSON & JOHNSON CONSUMER INC.,** a subsidiary of JOHNSON & JOHNSON;
**THE LINCOLN ELECTRIC COMPANY**;
**MONTELLO, INC.;**
**PFIZER INC.;**
**PHILLIPS 66 COMPANY**;
**REVLON CONSUMER PRODUCTS CORPORATION**;
**REVLON, INC.**;
**UNILEVER HOME & PERSONAL CARE USA** (sued individually and as successor-in- interest to ELIZABETH ARDEN, INC.);
**UNILEVER UNITED STATES, INC.** (sued individually and as successor-in-interest to CHESEBROUGH MANUFACTURING COMPANY a/k/a CHESEBROUGH-PONDS);
**UNION CARBIDE CORPORATION;**
**WHITTAKER CLARK & DANIELS, INC.**;
**JOHN DOE CORPORATIONS 1-50** (fictitious),

**Defendant(s).**

## NOTICE OF REMOVAL OF DEFENDANT REVLON, INC.

Defendant Revlon, Inc. ("Revlon"), files this Notice of Removal of the above-titled action from the Superior Court of New Jersey, Law Division, Middlesex County, in which is now pending, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1332. In support of its removal, Revlon respectfully states the following:

12031073-1

**Preliminary Matters**

1. On or about October 3, 2018, Plaintiffs William Anderton and Margie Anderton (collectively, "Plaintiffs") filed a Complaint sounding in personal injury in the Superior Court of New Jersey, Law Division, Middlesex County, entitled *William Anderton and Margie Anderton v. Brenntag North America, et al.*, and docketed at L-5866-18. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of this Complaint is attached hereto and incorporated herein as Exhibit A.

2. Plaintiffs alleges that Plaintiff William Anderton developed mesothelioma as a result of his exposure to "asbestos through his personal use of Johnson's Baby Powder, and from approximately 1960 to 1981 through his personal use of Mennen talcum powder." *See* Exhibit A, at ¶ 1. Further, "[f]rom approximately 1960 to 2018, Plaintiff [William Anderton] was exposed to asbestos through his wife, Plaintiff [Magie Anderton's], regular and frequent use of White Shoulders talcum powder." *Id.*

3. As of the filing of this Notice of Removal, Revlon has not yet been served with the Complaint, and based on Revlon' knowledge and information, none of the other defendants named in the Complaint have been served either.

4. This case is removable based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332(a).

5. This notice of removal is timely, as it is being filed before any of the defendants, including Revlon, have been served with the Complaint.

6. Since, as noted, none of Revlon's co-defendants have been served with the Complaint as of the filing of this Notice, consent to this removal is not required. However, based on information and belief, all other defendants named in the Complaint would consent to

removal of this case.

## Nature of the Case

7. This case is based on allegations that Plaintiff William Anderton developed mesothelioma by exposure to asbestos and/or asbestos-contaminated products.

8. Plaintiffs assert personal injury causes of action against all of the defendants, including Revlon.

## Grounds for Removal

9. This is a civil action over which this Court has original jurisdiction under 18 U.S.C. § 1332, based on diversity of citizenship and the amount in controversy, and is removable to this Court by Revlon pursuant to the provisions of 28 U.S.C. §§ 1441(b) and (c).

10. At the time of the filing of the Complaint and pursuant to the averments contained therein, Plaintiffs reside at 160 Lazy Acres Road, Malvern, Arkansas 72104. *See* Exhibit A, p. 1.

11. Defendant Revlon is a New York corporation with a principal place of business in New York.

12. Upon information and belief, Co-Defendant 3M Company is a Delaware corporation with a principal place of business in Minnesota.

13. Upon information and belief, Co-Defendant Brenntag North America is a Delaware corporation with its principal place of business in Pennsylvania.

14. Upon information and belief, Co-Defendant Brenntag Specialties, Inc., is a Delaware corporation with its principal place of business in New Jersey.

15. Upon information and belief, Co-Defendant Chevron Phillips Chemical Company LP is a Delaware corporation with its principal place of business in Texas.

16. Upon information and belief, Co-Defendant Colgate-Palmolive Company is a Delaware corporation with its principal place of business in New York.

17. Upon information and belief, Co-Defendant Conocophillips Company is a Delaware with its principal place of business in Texas.

18. Upon information and belief, Co-Defendant Conopco, Inc. is a Delaware corporation with its principal place of business in New Jersey.

19. Upon information and belief, Co-Defendant Cyprus Amax Minerals Company is a Delaware corporation with a principal place of business in Arizona.

20. Upon information and belief, Co-Defendant Eli Lilly and Company is an Indiana corporation with a principal place of business in Indiana.

21. Upon information and belief, Co-Defendant Imerys Talc America, Inc. is a Delaware corporation with a principal place of business in California.

22. Upon information and belief, Co-Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Jersey.

23. Upon information and belief, Co-Defendant Johnson & Johnson Consumer Companies, Inc. is a New Jersey corporation with its principal place of business in New Jersey.

24. Upon information and belief, Co-Defendant The Lincoln Electric Company is an Ohio corporation with its principal place of business in Ohio.

25. Upon information and belief, Co-Defendant Montello, Inc. is an Oklahoma Corporation with its principal place of business in Oklahoma.

26. Upon information and belief, Co-Defendant Pfizer Inc. is a Delaware corporation with its principal place of business in New York.

27. Upon information and belief, Co-Defendant Phillips 66 is a Delaware corporation

with its principal place of business in Texas.

28. Upon information and belief, Co-Defendant Revlon Consumer Products Corporation is a New York corporation with its principal place of business in New York.

29. Upon information and belief, Co-Defendant Unilever Home & Personal Care USA is a Delaware corporation with its principal place of business in New Jersey.

30. Upon information and belief, Co-Defendant Unilever United States, Inc. is a Delaware corporation with its principal place of business in New Jersey.

31. Upon information and belief, Co-Defendant Union Carbide Corporation is a New York corporation with its principal place of business in Texas.

32. Upon information and belief, Co-Defendant Whittaker, Clark & Daniels, Inc., is a New Jersey corporation with its principal place of business in Connecticut.

33. Upon information and belief, the amount in controversy in this action, which includes the costs of indemnity for any adverse judgment against defendant, exceeds $75,000.00, exclusive of interests and costs.

34. Accordingly, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), this Court possesses original jurisdiction of this action because Plaintiff is diverse from all Defendants and the amount in controversy exceeds $75,000 and, therefore, complete diversity exists.

35. Moreover, since this Notice of Removal is being filed before any of the defendants have been properly served with the Complaint, removal is proper pursuant to 28 U.S.C. 1441(b)(2), and *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 2018 U.S. App. LEXIS 23576 (3d Cir., Aug. 22, 2018).

36. Further, the District of New Jersey includes Middlesex County, where the original action is pending.

37. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, as required by 28 U.S.C. § 1446(d).

38. Written notice of the filing of this Notice of Removal will be given to all parties.

39. No admission of fact, law, or liability, is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved by the Defendant Revlon.

12031073-1

WHEREFORE, Defendant Revlon, Inc., hereby removes the action entitled *William Anderton and Margie Anderton v. 3M Company, et al.*, Superior Court of New Jersey, Law Division, Middlesex County, L-5866-18, where it is currently pending, to the United States District Court for the District of New Jersey.

        **HAWKINS PARNELL**
           **THACKSTON & YOUNG LLP**

By: /s/ Roy F. Viola
      By: Roy F. Viola, Jr., Esq.
      Attorney ID: 015301993
      600 Lexington Ave, 8th Floor
      New York, New York 10022
      Tel: (212) 897-9655
      Fax: (646) 589-8700

      Attorneys for Defendant,
      *Revlon, Inc.*

Date: October 12, 2018

12031073-1

## CERTIFICATE OF SERVICE

Roy F. Viola, Esquire certifies that a hard copy of the attached Notice of Removal was properly signed and that a true and correct copy was filed with the Court and served via electronically and U.S. Certified Mail with Return Receipt Requested, upon the following:

Robert E. Lytle, Esquire
Szaferman, Lakind, Blumstein & Blader, P.C.
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
**Counsel for Plaintiffs**

/s/ Roy F. Viola
Roy F. Viola, Esquire

Date:  October 12, 2018

12031073-1