**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

WILLIAM ANDERTON and MARGIE
ANDERTON,

                Plaintiff(s),

        vs.

3M COMPANY a/k/a MINNESOTA MINING &
MANUFACTURING COMPANY, et al.,

              Defendants.

**3:18-cv-14949 (MAS) (LHG)**

**NOTICE OF MOTION**

       **PLEASE TAKE NOTICE** that Defendant Revlon Consumer Products Corporation will move before the Honorable Michael A. Shipp, U.S.D.J. on December 17, 2018 for an Order granting Revlon Consumer Products Corporation's Motion to Dismiss for Lack of Personal Jurisdiction or alternatively, for *Forum Non Conveniens*, in lieu of an answer.

       In support of my motion, I will rely on the attached brief (if necessary).

Dated: November 21, 2018
      New York, New York

                           **HAWKINS PARNELL**
                           **THACKSTON & YOUNG LLP**

            By: _____
                 Roy F. Viola, Jr., Esq. (ID: 68845)
                 600 Lexington Ave, 8th Floor
                 New York, New York 10022
                 Tel: (212) 897.9655
                 Fax: (646) 589.8700
                 Attorneys for Defendants
                 *Revlon Consumer Products Corporation*

**HAWKINS PARNELL**
  **THACKSTON & YOUNG LLP**
By: Roy F. Viola, Jr., Esq. (ID: 68845)
600 Lexington Ave, 8th Floor
New York, New York 10022
Tel: (212) 897.9655
Fax: (646) 589.8700
Attorneys for Defendants
*Revlon Consumer Products Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ANDERTON and MARGIE ANDERTON, <br><br> Plaintiff(s), <br><br> vs. <br><br> 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al., <br><br> Defendants. | **3:18-cv-14949 (MAS) (LHG)** <br><br> **CERTIFICATION OF ROY F. VIOLA, JR., ESQ. IN SUPPORT OF DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS** |

Roy F. Viola, Jr., Esq. hereby certifies under penalties of perjury and upon information and belief as follows:

1. I am a Partner of the law firm of Hawkins Parnell Thackston & Young LLP, attorneys for Defendant Revlon Consumer Products Corporation.

2. I am entirely knowledgeable about the facts and circumstances surrounding the above-captioned matter; the source of my information and belief is based on my review of the case file and investigative materials found therein.

3. I submit this Certification in support of Defendant Revlon Consumer Products Corporation's Motion to Dismiss for Lack of Personal Jurisdiction or alternatively, for *Forum Non Convenien*s, in lieu of an answer in the above-captioned matter.

4. Attached as **Exhibit A** is a true and correct copy of Plaintiffs' Complaint, Demand for Trial by Jury, and Demand for Answers to Interrogatories, dated October 2, 2018.

5. Attached as **Exhibit B** is a true and correct copy of Plaintiffs' Initial Fact Sheet, dated October 2, 2018.

6. Attached as **Exhibit C** is a true and correct copy of Plaintiffs' Answers to Part I Interrogatories and Request for Production of Documents, dated October 8, 2018.

7. Attached as **Exhibit D** are true and correct copies of New York Department of State, Division of Corporations, Entity Information; State of Delaware, Department of State, Division of Corporations, Entity Information; and an excerpt of the United States Securities and Exchange Commission, Form 10-Q.

8. Attached as **Exhibit E** is a true and correct copy of the Transcript of the Motion Hearing, *Chapman v. BASF Catalysts LLC*, MID-L-2911-17AS, dated May 18, 2018.

9. Attached as **Exhibit F** is a true and correct copy of unpublished decision *Travelers Cas. & Sur. Co. v. Skrabonja*, No. BER-L-7448-16, 2017 N.J. Super. Unpub. LEXIS 591 (Law Div. Mar. 8, 2017).

10. Attached as **Exhibit G** is a true and correct copy of unpublished decision *Jacobs v. Syndicat De Coproprietaires Chateau Beauvallon*, No. A-1426-07T3, 2009 N.J. Super. Unpub. LEXIS 681 (App. Div. Apr. 27, 2009).

11. Attached as **Exhibit H** is a true and correct copy of Transcript from May  20, 2016 Hearing, *Bell, et al. v. American Int'l Indus., et al.*, No. MID-L-006527-15AS.

The exhibits attached to this Certification in support of Revlon Consumer Products Corporations's Motion to Dismiss for Lack of Personal Jurisdiction or *Forum Non Conveniens* in

Lieu of An Answer are true and correct copies of the documents originally prepared or received by Hawkins Parnell Thackston & Young LLP in connection with the instant litigation.

**I HEREBY CERTIFY** that the foregoing statements are to the best of my knowledge true and accurate.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Date:   November 21, 2018
          New York, New York


_____
Roy F. Viola, Jr., Esq.
**HAWKINS PARNELL**
 **THACKSTON & YOUNG LLP**

HAWKINS PARNELL
 THACKSTON & YOUNG LLP
By: Roy F. Viola, Jr., Esq. (ID: 68845)
600 Lexington Ave, 8th Floor
New York, New York 10022
Tel: (212) 897.9655
Fax: (646) 589.8700
Attorneys for Defendants
*Revlon Consumer Products Corporations*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ANDERTON and MARGIE ANDERTON, <br><br> Plaintiff(s), <br><br> vs. <br><br> 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al., <br><br> Defendants. | **3:18-cv-14949 (MAS) (LHG)** <br><br><br> **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND/OR PURSUANT TO THE DOCTRINE OF FORUM NON CONVENIENS** |

Defendant Revlon Consumer Products Corporation ("Revlon") respectfully submits this Memorandum of Law in support of its motion to dismiss for lack of personal jurisdiction, or alternatively, pursuant to the doctrine of *forum non conveniens* in lieu of an answer.

## PRELIMINARY STATEMENT

This Court should dismiss all claims against Revlon, as the record is clear: plaintiffs' cause of action against Revlon neither arose in nor bear any relationship with the State of New Jersey.  Revlon is not subject to specific personal jurisdiction in this Court, as plaintiffs are Arkansas resident and do not allege that plaintiff ever sustained any exposures in New Jersey to any asbestos-contaminated Revlon product.   Nor is Revlon subject to general personal jurisdiction, it is a Delaware corporation with its principal place of business in New York.  All

pending claims in this action are wholly unrelated to the State of New Jersey; therefore, Revlon is not subject to personal jurisdiction in this Court pursuant to the precedent set forth by the United States Supreme Court.

Further, even if Revlon was subject to jurisdiction in this Court, New Jersey is neither convenient nor an appropriate forum for the adjudication of this matter, as it is neither plaintiff's domicile, the situs of his injuries, and unlikely the location of any relevant fact witnesses. Accordingly, Revlon respectfully submits that this Court dismiss all pending claims against Revlon.

## STATEMENT OF FACTS

1. On October 2, 2018 plaintiffs William Anderton (individually, "plaintiff") and Margie Anderton, Arkansas residents, sued Revlon Consumer Products Corporation ("Revlon"), among others, alleging in part, that plaintiff's mesothelioma was caused by exposure to Revlon's asbestos-containing products. *See* **Exhibit A**, a true and correct copy of Plaintiff's Complaint and Jury Demand, dated October 2, 2018.

2. Plaintiff does not allege that any such exposure occurred within the State of New Jersey. *See generally id.*; **Exhibit B**, a true and correct copy of Plaintiff's Initial Fact Sheet, dated October 2, 2018; *See* **Exhibit C**, a true and correct of Plaintiffs' Answers to Part I Interrogatories and Request For Production of Documents, dated October 8, 2018, at I.6-A.6 (I-VI).

3. Notably, all relevant facts alleged in support of plaintiffs' claims against Revlon occurred in their personal residences located in Oklahoma, Arkansas, and Montana. *Id.*

4. Nor has plaintiff ever resided in the State of New Jersey. *Id.* at I.2-A.2.

6

5.     Revlon is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York.  *See* **Exhibit D**,  true and correct copies of New York Department of State, Division of Corporations, Entity Information; State of Delaware, Department of State, Division of Corporations, Entity Information; and an excerpt of the United States Securities and Exchange Commission, Form 10-Q).

6.     The record is undisputed: Revlon is a foreign defendant, and but for filing their lawsuit in this Court, plaintiffs' claims bear no relation to the State of New Jersey.  This Court is neither proper nor convenient for the adjudication of this action.  Not only is Revlon not subject to personal jurisdiction in this Court, but other available forums are more properly suited to adjudicate this action.  Therefore, all pending claims against Revlon should be dismissed.

## **ARGUMENT**

### I.     **Revlon is Not Subject to Personal Jurisdiction in the District Court of the Third Circuit of New Jersey.**

### A.  **Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2)-(3):

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> …
> (2) lack of personal jurisdiction;
> (3) improper venue;
> ….
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion

Foreign defendants have a due process right to not be subjected to judgments in a court outside the state in which they live or work.  *See J. McIntyre Machinery, Ltd. v. Nicastro*, 131 S.

Ct. 2780, 2787 (2011).   A court may exercise jurisdiction over a foreign defendant if the defendant's contacts with a forum are sufficient to satisfy the Due Process protections found in the Fourteenth Amendment of the United States Constitution.  *See Avdel Corp. v. Mecure*, 58 N.J. 264, 268 (1971).

Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons. *See Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); Fed. Rule Civ. Proc. 4(k)(1)(A) (service of process is effective to establish personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").

New Jersey precedent permits the exercise of long arm jurisdiction over foreign defendants to the full extent permitted under the United States Constitution. *Id.*  In determining whether personal jurisdiction exists, New Jersey courts follow a two-part test:

> Due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

*Lebel v. Everglades Marina, Inc.*, 115 N.J. 317, 322 (1989) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Under this test, the sufficiency of a defendant's contacts with a forum depends upon whether "general or specific jurisdiction is asserted." *Citibank, N.A. v. Estate of Simpson*, 290 N.J. Super. 519, 532 (App. Div. 1996).  A defendant may be subject to specific jurisdiction if a "cause of action arises directly out of a defendant's contacts with the forum state." *Waste Mgmt., Inc. v. Admiral Ins. Co.*, 138 N.J. 106, 119 (1994).  Where a cause of action did not arise in a chosen forum, a Court may exercise "general jurisdiction" over a foreign defendant, but only under limited circumstances. *Daimler A.G*, 134 S. Ct., at 746.  The United States Supreme Court

has held general jurisdiction is not dependent upon "minimum contacts" with a forum, but exists only in a defendant's state of incorporation, principal place of business, and/or possibly elsewhere under "exceptional circumstances" where a defendant's activities "render [it] essentially at home." *Id.* at 761.

While a plaintiff bears the burden of pleading facts sufficient to establish jurisdiction, "[w]hether the[] facts pled in a complaint support [a] court's exercise of personal jurisdiction over a defendant is a question of law." *Patel v. Karnavati Am., LLC*, 437 N.J. Super. 415, 423 (App. Div. 1998). "Absent personal jurisdiction over the parties, a judge has no authority to proceed." *Dutch Run-Mays Draft, LLC v. Wolf Block, LLP*, 450 N.J. Super. 590, 595 (2017).

### B. This Court May Not Assert General Personal Jurisdiction Over Revlon.

New Jersey serves neither as Revlon's state of incorporation nor principal place of business. Therefore Revlon, as a foreign defendant, is not subject to general personal jurisdiction in this Court. This Court may only exercise jurisdiction over foreign defendant pursuant to the New Jersey Long Arm statute if the defendant's "continuous and systematic contacts" within New Jersey "approximate an actual presence giv[ing] rise to general jurisdiction." *Fairfax Fin. Holdings, Ltd. v. S.A.C. Capital Mgmt., L.L.C*, 450 N.J. Super. 1, 68 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945). Historically, the "continuous and systematic" contacts standard subjected most multi-national corporations to general jurisdiction in any forum where they conducted business. In 2011, however, the United States Supreme Court limited the general jurisdiction parameters by further defining the standard:

> A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them

essentially at home in the forum state. . . . For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home.

*Goodyear Dunlop Tires*, 564 U.S. at 919, 924.

Shortly thereafter, the Court addressed general jurisdiction again in *Daimler*, *supra*, finding California could not exercise general jurisdiction over a defendant that was neither incorporated nor had its principal place of business in California.  *Id.*  Despite substantial contacts with California, such as large distribution of vehicles and multiple properties located within the state, the Court rejected the notion that the defendant could be subjected to general jurisdiction pursuant to the California long arm statute.  *Id.* at 761.  The Court found "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."  *Id.* at 762.

Post-*Daimler*, courts may no longer exercise general jurisdiction over multi-national and global companies unless the contacts with that forum render the defendant "essentially at home," such as in its state of incorporation or principal place of business.  *Id.*  In accordance with same, New Jersey courts have found "mere registration to do business and acceptance of service of process in this state, absent more, does not bestow our courts with general jurisdiction."  *Dutch Run-Mays Draft, LLC*, 450 N.J. Super. at 596.

Accordingly, Revlon is not subject to general jurisdiction in this Court.  New Jersey does not serve as Revlon's state of incorporation or principal place of business.  *See generally* Exhibit D.  Plaintiffs have failed to plead any facts establishing Revlon's contacts within New Jersey constitute an exceptional circumstance thereby rendering Revlon "essentially at home" in this forum.  *See* **Exhibits A-C**.  Moreover, Revlon is a holding company with no business operations

of its own.  *See* **Exhibit D**.  Therefore, even if some affiliated entity had contacts within this forum, New Jersey courts have rejected imputing forum contacts of one entity to another "for jurisdictional purposes without a showing of something more than mere ownership," although Plaintiff has failed to establish or even assert same.  *See FDASmart, Inc. v. Dishman Pharms. and Chems. Ltd.*, 448 N.J. Super. 195, 203-04, (App. Div. 2016).  The record establishes Revlon is a foreign defendant, and therefore not subject to general jurisdiction in this Court.

### C.  This Court May Not Assert Specific Personal Jurisdiction Over Revlon.

Revlon is not subject to specific personal jurisdiction in this Court, as none of the plaintiffs' claims arose in this forum.   Specific jurisdiction is essentially "case-linked jurisdiction" and requires some sort of affiliation "between the forum and the underlying controversy[.]"  *Fairfax Fin. Holdings, Ltd.*, 450 N.J. Super. at 68.  In June 2017, the United States Supreme Court confirmed "a defendant's general connections with [a] forum are not enough" to establish specific jurisdiction, regardless of the extent of said contacts.  *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017).

> For a court to exercise specific jurisdiction over a claim there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State. When no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

*Id.* at 1776 (internal quotation marks and brackets omitted). The *Bristol-Myers Squibb* decision affirms a court "cannot claim specific jurisdiction" where the "relevant conduct" occurred outside the forum.  *Id.* at 1781-82.

In this matter, it is undisputed that all alleged relevant conduct occurred outside the State of New Jersey.  Plaintiffs are not and have never been New Jersey residents, nor do they allege that plaintiff ever sustained asbestos exposure in this State.  Therefore, plaintiffs' own pleadings

establish that their causes of action against Revlon did not arise in this forum, therefore specific jurisdiction does not exist.

**D.  There Is No Need for Jurisdictional Discovery.**

The Court should reject, as a matter of law, any request by plaintiff that the parties conduct jurisdictional discovery.  In *Dutch Run-Mays Draft*, *supra*, the New Jersey Appellate Division held that the trial court lacked personal jurisdiction over defendant, a dissolved Pennsylvania limited partnership, and where the defendant only had a New Jersey business registration and registered agent, and plaintiff could not prove sufficient minimal contacts.  *Id.* at 609-610.  Based on these facts, the Appellate Division rejected the plaintiff's argument that the trial court deprived it of "sufficient opportunity to conduct jurisdictional discovery," finding that no "further discovery would have altered our conclusion."  *Id.*

Here, Revlon's relationship with New Jersey is even more tenuous: (1) Revlon is organized under the laws of Delaware; (2) New York serves as its principal place of business; and (3) plaintiffs' claims in this action did not arise in New Jersey.  Plaintiffs make no allegation that any of plaintiff's alleged exposure to any Revlon asbestos-contaminated product occurred in New Jersey.  Thus, the Supreme Court's decision in *Bristol-Myers* is controlling.  There, the Court held that California had no specific jurisdiction over defendant, in part, because:

> As noted, the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California. The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries."  In this case, BMS maintained five office, four research facilities, and one government affairs office, as well as 250 sales representatives in California.  However, none of these offices manufactured the at-issue product.

Here, there is even less.  Plaintiffs cannot establish that Revlon has or had any office, manufacturing facility, research facility, or any other facility in New Jersey during the relevant

period.  Thus, plaintiffs cannot establish specific jurisdiction as a matter of law.  *Id.*  No additional jurisdictional discovery will alter the fact that there is no specific jurisdiction.

Further, the Supreme Court has held, as a matter of law, that merely having operations in a State does not warrant the exercise of general jurisdiction.  *See BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017) (holding that the defendant's 2,000 miles of railroad track and more than 2,000 employees in Montana was insufficient for establishing general jurisdiction); *Daimler*, *supra*, at 136 ("Even if we were to assume that MBUSA is at home in California, and further to assume MBUSA's contacts are imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there.").  Significantly, in *Chapman v. BASF Catalysts LLC*, L-2911-17AS, this Court held that under that line of cases, as well as under *Bristol-Myers Squibb*, *supra*, and *Dutch Run-Mays*, *supra*, that no jurisdictional discovery would alter the fact that New Jersey has no jurisdiction over Abex.  *See* **Exhibit E**, a true and correct copy of the *Chapman v. BASF Catalysts LLC* Hearing, dated May 18, 2018, tr. 21:1-24.

A baseless request for "jurisdictional discovery" should not be a magical incantation to ward off timely dismissals of a case filed in the wrong forum.  Because the facts here are virtually identical to those in *Chapman*, the Court should reject any request for jurisdictional discovery is needed here.

### E. The Exercise of the District Court's Jurisdiction over Revlon Would Be a Federal Due Process Violation under the Fourteenth Amendment of the United States Constitution

The record establishes Revlon is neither subject to neither general nor specific personal jurisdiction in this Court, and all pending claims should be dismissed.  It is "self-evident that a court lacking personal jurisdiction has no authority over the nonresident."  *Fairfax Fin. Holdings*

*Ltd.,* 460 N.J. Super. at 73 (citing *Burger King Corp. v. Ruzewicz*, 471 U.S. 462, 471-72 (1985)). Personal jurisdiction's mandate "emanates from the Fourteenth Amendment's Due Process Clause," protecting "an individual's right to be deprived of life, liberty, or property only by the exercise of lawful power." *Dutch Run-Mays*, 450 N.J. Super. at 604 (quoting *J. McIntyre,* 564 U.S. at 879 (plurality op.)).   In *Dutch Run-Mays*, the New Jersey Appellate Division expressly analyzed the post-*Daimler* standard for personal jurisdiction, and affirmed a non-resident defendant is not subject to jurisdiction in New Jersey, even if registered to do business with a designated agent in the State.  *Id.* at 590.

Similarly here, this Court may not exercise jurisdiction over Revlon, without violating Revlon's right to due process.  No nexus exists between plaintiff's claims and this forum, thereby precluding this Court from exercising specific jurisdiction over Revlon.  As a foreign defendant that is not "essentially at home" in New Jersey, Revlon is not subject to general jurisdiction in this Court.

As such, under *Daimler* and its progeny, *Bristol-Myers Squibb Co.*, the Court lacks personal jurisdiction over Revlon.  Without personal jurisdiction, any exercise of power over Revlon would be unlawful and in violation of Revlon's right to due process.

## II.    Plaintiff's Complaint Should Be Dismissed for *Forum Non Conveniens*

Should this Court find it may assert personal jurisdiction over Revlon, it should still dismiss this action on the basis of *forum non conveniens.*  This doctrine permits dismissal where a claim could be tried more conveniently in an alternative forum.  *See Gore v. U.S. Steel Corp.*, 15 N.J. 301, 306-07, 311 (1954).

In analyzing a *forum non conveniens* motion, courts must weigh "public and private interest factors, including accessibility of proof, availability of witnesses, administrative difficulties, local interest in the trial, and the availability of a much more appropriate forum."

*Am. Home Prods. v. Adriatic Ins. Co.*, 286 N.J. Super. 24 (App. Div. 1995). Although New Jersey residence is not the *sine qua non* of a *forum non conveniens* analysis, "a nonresident's choice of forum is entitled to substantially less deference" than that of a New Jersey resident. *Travelers Cas. & Sur. Co. v. Skrabonja*, No. BER-L-7448-16, 2017 N.J. Super. Unpub. LEXIS 591, *8 (Law Div. Mar. 8, 2017) (citing *Mowrey v. Duriron Co., Inc.*, 260 N.J. Super. 402, 412 (App. Div. 1992))[1]. Dismissal of a complaint is warranted where the forum chosen by a plaintiff is "shown to be demonstrably inappropriate." *D'Agostino v. Johnson & Johnson*, 225 N.J. Super. 250, 262 (App. Div. 1988). Applying these factors to the instant action reveals New Jersey is a demonstrably inappropriate forum for the adjudication of this matter.

The private interest factor weighs against New Jersey as all potential fact witnesses and premises in this action are located in other States and "outside the subpoena power of New Jersey." *See Jacobs v. Syndicat De Coproprietaires Chateau Beauvallon*, No. A-1426-07T3, 2009 N.J. Super. Unpub. LEXIS 681, *11 (App. Div. Apr. 27, 2009)[2]. Plaintiffs, Arkansas residents, are not alleging that plaintiff was exposed to any asbestos or any cosmetic talcum powder products within the state of New Jersey. *See* **Exhibits A-C**. There is no evidence that any potential fact witnesses reside in New Jersey (and likely other unknown, but potential fact witnesses, based upon Plaintiff's work history and possible bystander exposures). *See* **Exhibit C**, at I.7-A.7. Further, plaintiff's medical treatment related to his injuries at issue in this lawsuit has occurred exclusively in Arkansas. *Id.* at I.9-A.9. Revlon desires to take the depositions of plaintiff's treating physicians, which will also likely occur in Arkansas.

With respect to the public interest factors, the Superior Court of New Jersey, Trial Division, recently analyzed the *forum non conveniens* in a similar action filed by a North

---

[1] A true and correct copy is hereto attached as **Exhibit F**.
[2] A true and correct copy is hereto attached as **Exhibit G**.

Carolina plaintiff who lacked a connection to this forum.  *See Bell, et al. v. American Int'l Indus., et al.*, No. MID-L-006527-15AS, Transcript from May 20, 2016 Hearing at 13[3].  Citing, *inter alia*, the congested docket of this Court designed to accommodate living malignancy claims on an expedited trial trajectory, the Court dismissed the action pursuant to the doctrine of *forum non conveniens* where the plaintiff had an alternate forum and lacked a connection to the State of New Jersey.  *Id.*  The same reasoning applies here.

The fact that decedent, plaintiff, and likely any other potential fact witnesses (such as treating physicians), as well as her former worksites and residences, are not located in New Jersey is particularly significant in this matter.  The nature of plaintiff's cause of action will necessitate additional discovery to determine whether decedent did in fact sustain any alternative exposure.

The record establishes it would be "demonstrably inappropriate" to try this matter in New Jersey.  New York, the situs of decedent's alleged exposures, is a much more suitable and convenient forum with a far greater interest in resolving the dispute, and could lawfully exercise specific jurisdiction over Revlon.  *D'Agostino*, 225 N.J. Super. at 262.  Plaintiffs' decision to file their action in New Jersey is not entitled to deference, as they are non-residents without any nexus to this State save this pending lawsuit.  In light of other available and more convenient forums, this action is ripe for dismissal pursuant to the doctrine of *forum non conveniens*.

## CONCLUSION

This matter is ripe for dismissal.  As a foreign defendant, Revlon is not subject to personal jurisdiction in this Court.  Holding otherwise would violate Revlon's right to due process under the Fourteenth Amendment of the United States Constitution.  Further, Plaintiffs'

---

[3] A true and correct copy is hereto attached as **Exhibit H**.

lack of connection with this forum warrants dismissal pursuant to the doctrine of *forum non conveniens*, as the State of New Jersey is not a suitable forum for the adjudication of this matter.

Revlon respectfully submits that this Court should dismiss all pending claims against Revlon in entirety and grant any other relief as this Court may deem appropriate.

Dated: November 21, 2018
New York, New York

_____
Roy F. Viola, Jr., Esq.
**HAWKINS PARNELL**
  **THACKSTON & YOUNG, LLP**

**HAWKINS PARNELL**
  **THACKSTON & YOUNG LLP**
By: Roy F. Viola, Jr., Esq. (ID: 68845)
600 Lexington Ave, 8th Floor
New York, New York 10022
Tel: (212) 897.9655
Fax: (646) 589.8700
Attorneys for Defendants
*Revlon Consumer Products Corporation*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WILLIAM ANDERTON and MARGIE ANDERTON,<br><br>Plaintiff(s),<br><br>vs.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al.,<br><br>Defendants. | **3:18-cv-14949 (MAS) (LHG)**<br><br>**ORDER GRANTING DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION'S MOTION TO DISMISS** |

**THIS MATTER HAVING BEEN OPENED** to the United States District Court for the District of New Jersey, by Hawkins Parnell Thackston & Young LLP, attorneys for Defendant **REVLON CONSUMER PRODUCTS CORPORATION ("REVLON"),** for an Order granting Revlon's Motion to Dismiss, is hereby decided by the Court, after having considered the application and the submissions of counsel and having concluded that there is no genuine issue of material fact and for good cause shown; the Decision/Order of this Court on Revlon's Motion to Dismiss is as follows:

**IT IS HEREBY ORDERED** on this _____ day of _____, 2018 that all Claims and Cross-Claims shall be and hereby are dismissed with prejudice on behalf of defendant, Revlon

Consumer Products Corporation and the Complaint and any Counterclaims and Cross-Claims are hereby dismissed with prejudice.

**IT IS FURTHER ORDERED** that Hawkins Parnell Thackston & Young LLP, must serve a copy of this Order on all counsel of record in this matter, within seven (7) days of the date of the entry hereof.

Date: December _____, 2018          _____
                                    Honorable Michael A. Shipp, U.S.D.J

_____ Opposed               _____ Unopposed

**HAWKINS PARNELL**
 **THACKSTON & YOUNG LLP**
By: Roy F. Viola, Jr., Esq. (ID: 68845)
600 Lexington Ave, 8th Floor
New York, New York 10022
Tel: (212) 897.9655
Fax: (646) 589.8700
Attorneys for Defendants
*Revlon Consumer Products Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ANDERTON and MARGIE ANDERTON, <br><br> Plaintiff(s), <br><br> vs. <br><br> 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al., <br><br> Defendants. | **3:18-cv-14949 (MAS) (LHG)** <br><br> **CERTIFICATE OF SERVICE** |

I, Roy F. Viola, Jr., Esq., certify that a copy of my motion was served by electronic filing and electronic mail on November 21, 2018 upon:

Robert E. Lytle
**SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, PC**
Quakerbridge Executive Center
101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
(609) 275-0400
Email: rlytle@szaferman.com

All co-defendants have been notified via electronic mail and electronic filing.

Date:   November 21, 2018
New York, New York

_____
Roy F. Viola, Jr., Esq.