**HAWKINS PARNELL**
  **THACKSTON & YOUNG LLP**
By:  Roy F. Viola, Jr., Esq. (ID: 68845)
       Manuel A. Guevara, Esq. (ID: 165742016)
600 Lexington Ave, 8th Floor
New York, New York 10022
Tel: (212) 897.9655
Fax: (646) 589.8700
Attorneys for Defendants
*Revlon, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ANDERTON and MARGIE ANDERTON,<br><br>Plaintiff(s),<br><br>vs.<br><br>3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al.,<br><br>Defendants. | 3:18-cv-14949 (MAS) (LHG)<br><br><br>**DEFENDANT REVLON, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** |

**PRELIMINARY STATEMENT**

Remanding this matter back to New Jersey State Court will violate Revlon's due process rights under the Fourteenth Amendment of the United States. Pursuant to binding Supreme Court precedent there are clearly no grounds for New Jersey's exercise of jurisdiction over Revlon: (1) Revlon are Delaware corporations with their principle place of business in New York and (2) plaintiffs do not allege that Mr. Anderton ever lived or sustained any exposure in New Jersey to any asbestos containing Revlon product. Thus the issue of personal jurisdiction is clear and straightforward, as the case law and facts are squarely in Revlon's favor.

1

In contrast, plaintiffs' motion to remand for lack of subject matter jurisdiction raises complex issues of law for the Court. Specifically, ruling in plaintiffs' favor would result in a remand to state court without any jurisdiction over Revlon in this case. This is a *prima facie* violation of Revlon's constitutional rights.

The Supreme Court has spoken on this exact scenario, holding that the District Court has discretion to adjudicate personal jurisdiction before considering a challenge to subject matter jurisdiction, where the former does not present any complex questions of state law. This is exactly the case here. Accordingly, in the interest of justice, Revlon requests that the Court stay plaintiffs' application in order to first adjudicate our motions to dismiss for lack of personal jurisdiction. Doing so, would result in no harm or prejudice to plaintiffs.

## FACTUAL BACKGROUND

1. This is a product liability action. On October 3, 2018, plaintiffs William Anderton and Maggie Anderton (collectively, "plaintiffs") sued Revlon, Inc. and Revlon Consumer Products Corporation (collectively, "Revlon"), among others, in New Jersey state court. *See* **Exhibit A,** a true and correct copy of the Complaint, dated October 3, 2018. Specifically, plaintiffs allege that Mr. Anderton's mesothelioma was caused by his secondary exposure to Ms. Anderton's personal use of asbestos-contaminated talcum powder products. *Id.* at ¶2.

2. On October 12, 2018, Revlon removed this matter to United States District Court of New Jersey based on the diversity of citizenship of parties and the amount in controversy under 28 U.S.C. § 1332(a). *See* **Exhibit B**, an excerpt of Notice of Removal, dated October 11, 2018.

3. On November 26, 2018, Revlon filed motions to dismiss for lack of personal jurisdiction and/or pursuant to the doctrine of *forum non conveniens*. *See* **Exhibit C**, an excerpt of Motions for Dismiss for Lack of Personal Jurisdiction and/or Pursuant to the *Doctrine of Non Conveniens*. Therein, Revlon argued that this Court—and the State of New Jersey—lacked jurisdiction over this matter because: (1) neither Revlon entity is incorporated or has a principal place of business in New Jersey and (2) plaintiffs' claims do not arise in New Jersey. *Id.* Indeed, in light of the Supreme Court's recent decisions in *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017), as well as New Jersey's decisions in *Dutch Run-Mays Draft, LLC v. Wolf Block, LLP*, 450 N.J. Super. 590 (2017) and *Chapman v. BASF Catalysts LLC*, L-2911-17AS [*see* **Exhibit D**], dismissal of Revlon is warranted as a matter of law.

4. At his deposition, Mr. Anderton conceded that this action has no connection to the New Jersey:

   **Q. Okay. Have you ever been to New Jersey?**
   **A. New Jersey?**
   **Q. Yeah.**
   **A. No.**
   Q. Do you have any relatives in New Jersey?
   A. No.
   Q. Do you know anyone in New Jersey?
   A. No.
   Q. Okay.
   A. Big fat governor, what was his name? I don't know him, but.

   ....

   Q. Okay. And he didn't order anything from New Jersey?
   A. No.

*See* **Exhibit E**, an excerpt of the Deposition of William Anderton, dated November 27, 2018, tr. 216:1-16, 256:11-13. Thus, plaintiffs only connection to New Jersey is their attorney's decision to file this suit within the State.

5. On December 10, 2018, this Court administratively terminated Revlon's motions to dismissing pending the Court's decision on Plaintiffs' motion to remand. *See* **Exhibit F**, a true and correct copy of the Court's Correspondence, dated December 10, 2018.

6. In light of the above, Revlon respectfully requests that the Court stay plaintiff's motion to remand for lack of subject matter jurisdiction, and first consider Revlon's meritorious motions to dismiss for lack of personal jurisdiction. Otherwise, the Court runs the risk of remanding this case to the Superior Court of New Jersey, which has no jurisdiction over Revlon in this matter. This would be extremely prejudicial to Revlon, violating their due process rights under the Fourteenth Amendment of the United States Constitution. Contrarily, the consideration of Revlon's' applications for dismissal would result in no prejudice. Indeed, resolution of same, will give the parties the opportunity to litigate this matter in the appropriate jurisdiction and venue.

## OPPOSITION

**I.　The Court Should Its Exercise Its Inherent Authority To Adjudicate A Challenge To Personal Jurisdiction Before Determining Subject Matter Jurisdiction**

Pursuant to Supreme Court precedent in *Ruhrgas Ag v. Marathon Oil Company*, 526 U.S. 574 (1999), this Court should exercise its inherent authority to first adjudicate Revlon's meritorious motions to dismiss for lack of personal jurisdiction and stay plaintiffs' application. The issue of personal jurisdiction is squarely in Revlon's favor under Supreme Court precedent: (1) the Revlon entities are neither incorporated nor have a principal place of business in New

Jersey and (2) plaintiffs have freely admitted that they never used any Revlon product in New Jersey.

Moreover, in entertaining plaintiffs' application on subject matter jurisdiction, this Court runs the risk of remanding this matter to a Court without any jurisdiction. This would be exceptionally prejudicial to Revlon, violating its due process rights under the Fourteenth Amendment of the Constitution. In contrast, a dismissal based on lack of jurisdiction would not have any prejudicial effect on plaintiffs. They can re-file and litigate this matter in an appropriate jurisdiction. Accordingly, for the reasons discussed, infra, this Court

a. **The Supreme Court's decision in *Ruhrgas*, *supra*, applies here**

There are no substantive issues before the Court at this juncture. *See Steel Co. v. Citizens for Better Envir.*, 523 U.S. 82 (1998) (holding that a federal court generally may not rule on the remits f cause without determining that it has jurisdiction over the claims and parties). Rather, the issue is entirely procedural: should the Court consider Revlon's motions to dismiss for lack of personal jurisdiction before adjudicating plaintiffs' motion to remand for lack of subject matter jurisdiction.

The *Ruhrgas* Court held that in removal cases, there is no jurisdictional hierarchy requiring the federal court to adjudicate subject-matter jurisdiction before considering a challenge to personal jurisdiction. *Id.* at 578. Specifically, where "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id.* at 588; *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (the Supreme Court held that there is no mandatory 'sequencing of jurisdictional issues.'"). This exact

scenario exists in the present matter: (1) there are no grounds for New Jersey's exercise of jurisdiction over Revlon and (2) remanding this matter will result in a violation of Revlon's constitutional due process rights.

### b. Under *Supreme Court* precedent, New Jersey clearly has no jurisdiction over Revlon this matter[1]

As in *Ruhrgas*, the issue of personal jurisdiction in this case is straightforward and squarely in Revlon's favor. Neither the pleadings, answers to interrogatories, nor Mr. Anderton's own testimony support New Jersey's exercise of jurisdiction over Revlon.

First, New Jersey has no general jurisdiction over Revlon, as it is a foreign defendant. In *Daimler AG*, *supra*, the Supreme Court held that general jurisdiction is not dependent upon "minimum contacts" with a forum, but exists only in a defendant's state of incorporation, principal place of business, and/or possibly elsewhere under exceptional circumstances where a defendant's activities "render [it] essentially at home[.]" *Id.* at 126, 137-139. New Jersey does not serve as Revlon's state of incorporation or principal place of business. *See generally* **Exhibit G,** true and correct copies of New York Department of State, Division of Corporations, Entity Information; State of Delaware, Department of State, Division of Corporations, Entity Information; and an excerpt of the United States Securities and Exchange Commission, Form 10-Q.

Similarly, New Jersey cannot assert specific jurisdiction over Revlon. In *Bristol-Myers Squibb Co.*, the Supreme Court held "a defendant's general connections with [a] forum are not

---

[1] Revlon's motions to dismiss fully brief and analyze the personal jurisdiction issue in this case. In light of same, this opposition will only provide an abbreviated versions of the arguments fully set forth therein, for the limited purpose of demonstrating that the governing authorities on this issue overwhelmingly support Revlon's position.

enough" to establish specific jurisdiction, regardless of the extent of said contacts. At 1781. Rather:

> For a court to exercise specific jurisdiction over a claim there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State. When no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State.

*Id.* at 1776 (internal quotation marks and brackets omitted). The *Bristol-Myers Squibb* decision affirms a court "cannot claim specific jurisdiction" where the "relevant conduct" occurred outside the forum. *Id.* at 1781-82. Here, it is undisputed that all alleged relevant conduct—including any alleged exposure—occurred exclusively outside the State of New Jersey. Indeed, at his deposition, Mr. Anderton conceded that this action has no connection to the New Jersey:

> Q. Okay. Have you ever been to New Jersey?
> A. New Jersey?
> Q. Yeah.
> A. No.
> Q. Do you have any relatives in New Jersey?
> A. No.
> Q. Do you know anyone in New Jersey?
> A. No.
> Q. Okay.
> A. Big fat governor, what was his name? I don't know him, but.
>
> ....
>
> Q. Okay. And he didn't order anything from New Jersey?
> A. No.

*See* **Exhibit E**, tr. 216:1-16, 256:11-13 (emphasis added).

Accordingly, any prospective jurisdictional analysis by this Court district court would straightforward, involving no complex question of state law.

7

### c. A ruling in favor of plaintiffs' application would violate Revlon's due process rights under the Fourteenth Amendment

In contrast, subject matter jurisdiction raises a difficult and novel question. Specifically: **How can a matter be remanded to a state court that cannot exercise jurisdiction over the subject defendant?** *See Fairfax Fin. Holdings, Ltd. v. S.A.C. Capital Mgmt., L.L.C*, 450 N.J. Super. 1, 73 (2017) (citing *Burger King Corp. v. Ruzewicz*, 471 U.S. 462, 471-72 (1985)) (it is "self-evident that a court lacking personal jurisdiction has no authority over the nonresident.").

Personal jurisdiction's mandate "emanates from the Fourteenth Amendment's Due Process Clause," protecting "an individual's right to be deprived of life, liberty, or property only by the exercise of lawful power." *Dutch Run-Mays*, 450 N.J. Super. at 604 (quoting *J. McIntyre Machinery, Ltd. v. Nicastro,* 564 U.S. 873, 879 (2011) (plurality op.)). Remanding this matter back to the New Jersey State Court would invariably deprive Revlon's of its constitutional due process rights, resulting in immeasurable harm and prejudice. This scenario is exactly the kind of complex issues the *Ruhrgas* Court contemplated. Accordingly, this Court "does not abuse its discretion by turning directly to personal jurisdiction." *Ruhrgas, supra*, at 588.

### d. Staying plaintiffs' application and considering Revlon's motions to dismiss will result in no prejudice to plaintiffs

Staying plaintiffs' application and first adjudicating Revlons' motions to dismiss would result in no prejudice to plaintiffs. As in *Sincohem, supra*, and *Ruhrgas, supra*, the consideration of either motion inevitably results in the dismissal of this action from this Court. However, the choice of sequencing of the applications, has significant consequences on Revlon's due process rights. In contract, plaintiffs suffer no prejudice irrespective of the order in which the Court decides these motions. A dismissal based on personal jurisdiction allows plaintiffs to simply

pursue their claims against Revlon in the proper forum, where the parties can fully litigate the merits of their claims and defenses.

Further, to the extent that plaintiffs argue that the *Ruhgras* is distinguishable because this is a multi-defendant case, the argument is unavailing. Revlon's motions to dismiss are limited to New Jersey's exercise of jurisdiction over same. Thereafter, the Court is free to adjudicate plaintiffs' motion to remand as the remaining defendants, without any prejudice to any party.

Accordingly, in the interests of justice, this Court should stay the adjudication of plaintiffs' motion to remand and first consider whether New Jersey can exercise personal jurisdiction over the Revlon entities.

## CONCLUSION

In light of the foregoing, Revlon respectfully requests that the Court enter an order staying plaintiffs' motion to remand in order to first adjudicate Revlons' motions to dismiss for lack of personal jurisdiction.

Dated: December 14, 2018
       New York, New York

Manuel A. Guevara, Esq.
Roy F. Viola, Jr., Esq.
**HAWKINS PARNELL**
**THACKSTON & YOUNG, LLP**

**HAWKINS PARNELL**
**THACKSTON & YOUNG LLP**
By: Roy F. Viola, Jr., Esq. (ID: 68845)
600 Lexington Ave, 8th Floor
New York, New York 10022
Tel: (212) 897.9655
Fax: (646) 589.8700
Attorneys for Defendants
*Revlon, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM ANDERTON and MARGIE ANDERTON, <br><br> Plaintiff(s), <br><br> vs. <br><br> 3M COMPANY a/k/a MINNESOTA MINING & MANUFACTURING COMPANY, et al., <br><br> Defendants. | **3:18-cv-14949 (MAS) (LHG)** <br><br> **CERTIFICATE OF SERVICE** |

I, Manuel A. Guevara, Esq., certify that a copy of my motion was served by electronic filing and electronic mail on December 14, 2018 upon:

<table>
<tr><td align="center">Robert E. Lytle<br><b>SZAFERMAN, LAKIND, BLUMSTEIN &<br>BLADER, PC</b><br>Quakerbridge Executive Center<br>101 Grovers Mill Road, Suite 200<br>Lawrenceville, NJ 08648<br>(609) 275-0400<br>Email: rlytle@szaferman.com</td><td align="center">Leah Kagan, Esq.<br><b>SIMON GREENSTONE PANATIER, P.C.</b><br>750 Third Avenue, Suite 976<br>New York, New York 10017<br>(212) 572-0774<br>Email: lkagan@sgpblaw.com</td></tr>
</table>

All co-defendants have been notified via electronic mail and electronic filing.

Date:   December 14, 2018
        New York, New York

Manuel A. Guevara, Esq.

10