SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
p: 609.275.0400
f: 609.275.4511
www.szaferman.com

Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein
Steven Blader - Rtd.
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer***
Daniel J. Graziano Jr.
Bruce M. Sattin***
Robert P. Panzer
Benjamin T. Branche*
Robert G. Stevens Jr.**
Michael D. Brottman**
Janine Danks Fox*
Thomas J. Manzo**

+Certified Matrimonial Attorney
++Certified Civil and Criminal Trial Attorney
*NJ & PA Bars
**NJ & NY Bars
***NJ, NY & PA Bars

Of Counsel
Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Nathan M. Edelstein**
Keith L. Hovey***
Jeffrey M. Hall

Lindsey Moskowitz Medvin**
Robert L. Lakind***
Melissa A. Chimbangu
Brian A. Heyesey
Christopher S. Myles
Christopher S. Kwelty
Brandon C. Simmons*
Jason M. Sokel**

Counsel
Bhuchar Law Firm
www.bhucharlaw.com
Tel(609)514-5195

Counsel
Huff, Moran & Orron, LLC
1246 South River Road
Cranbury, NJ 08512
Tel(609)655-3600

December 19, 2018

**Via ECF**
Hon. Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 5W
Trenton, New Jersey 08608

**Re: Anderton, et al. v. 3M Company, et al.**
**Case No. 3:18-cv-14949 (MAS) (LHG)**

Dear Judge Shipp:

This firm, along with the firm of Simon Greenstone Panatier, P.C., represents Plaintiffs William and Margie Anderton in the above matter. I am writing to you in connection with Plaintiffs' pending Motion to Remand. Specifically, this letter is being submitted in response to Defendants, Revlon, Inc.'s and Revlon Consumer Product Corporation's (collectively "Revlon"), recently filed oppositions to Plaintiffs' Motion to Remand.

Mr. and Mrs. Anderton originally filed their complaint in the Superior Court of New Jersey on October 3, 2018. On October 12, 2018, Revlon filed a Notice of Removal of the Anderton's complaint to this Court, pursuant to Title 28 U.S.C. §§ 1441 and 1332 (ECF No. 1). Plaintiffs subsequently filed a Motion to Remand on October 16, 2018 (ECF No. 4). None of the Defendants, including Revlon, filed any opposition prior to the return date of the motion nor did they seek an adjournment.

While Plaintiffs' remand motion was pending a number of Defendants, including Revlon, filed motions to dismiss based on a purported lack of personal jurisdiction. (ECF Nos. 6, 7, 10, 48, 57 and 58). By way of Text Order dated December 10, 2018, Your Honor stayed and administratively terminated those motions to dismiss pending the Court's decision on Plaintiffs'



remand motion. (ECF No. 69). Your Honor's Text Order went on to provide that "each Defendant must e-file correspondence that sets forth its position with respect to Plaintiffs' motion to remand" by December 14, 2018. Thereafter, Revlon was the only Defendant to take a position that this case should not be remanded to state court. (ECF Nos. 78 and 79).

Relying upon RuhrgasAG v. Marathon Oil Co., 526 US 574 (1999), Revlon argues that this Court must decide its motion to dismiss based on personal jurisdictional grounds before deciding whether the Court lacks subject matter jurisdiction as argued in Plaintiffs' remand motion. Revlon is mistaken. The very argument made by Revlon was rejected by this Court in YA Global Invs., L.P. v. McKenzie Bay Int'l Ltd., 2009 U.S. Dist. LEXIS 124103, *9-10 (D.N.J. 2009). There, this Court wrote:

> Defendants urge this court to address whether personal jurisdiction exists over SST before reaching the issue of whether the Court has subject matter jurisdiction over the case. Defendants submit that it is proper for a district court to address personal jurisdiction first in connection with a remand motion where a non-diverse defendant has been fraudulently joined. In support of its position, Defendants rely on several cases outside this Circuit as well as the Supreme Court case of RuhrgasAG v. Marathon Oil Co., 526 US 574 (1999).
>
> However, Defendants' reliance on Ruhrgas, a diversity case, is misplaced. Notwithstanding Defendants' assertions to the contrary, the Supreme Court did not suggest that, as a general rule, personal jurisdiction should be resolved before addressing subject matter jurisdiction. Indeed, the Supreme Court noted that 'in most instances subject-matter jurisdiction will involve no arduous inquiry . . . . In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.' 526 U.S. at 587-88. The Supreme Court ultimately held: 'Where, as here, however, a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.' Id. at 588 (emphasis in original).

YA Global Invs., L.P., supra, at *10. This Court went on to address the "straightforward subject matter jurisdiction issue based on diversity of citizenship" and granted the plaintiff's motion to remand the case back to state court without addressing the defendant's motion to dismiss based upon a lack of personal jurisdiction. Id. at *10-11.

Like YA Global Invs., L.P., the issue of subject matter jurisdiction pending before the Court in this case is indeed simple and straightforward. That conclusion is illustrated by the fact that not a single Defendant, including Revlon, filed an opposition to Plaintiffs' Motion to Remand or requested an adjournment of the motion prior to the return date. Revlon only filed its opposition after this Court invited defense counsel to set forth their position on Plaintiffs' remand motion by way of its Text Order that was entered on December 10th.

For these reasons, as well as those set forth in Plaintiffs' Motion to Remand, the Andertons respectfully request that Your Honor first address the issue of subject matter jurisdiction and enter an Order remanding the case back to the Superior Court of New Jersey, Middlesex County.

Thank you for your consideration.

Respectfully submitted,

**SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.**

s/ *Robert E. Lytle*
Robert E. Lytle, Esq.

REL/jwk
c: All counsel of Record (Via Email and Regular Mail)