**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL
BUILDING & U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-2009

**NOT FOR PUBLICATION**

May 7, 2019

**LETTER OPINION**

**VIA CM/ECF**
All counsel of record

Re: *Anderton, et al. v. 3M Company, et al.*
<u>Civil Action No. 18-14949 (MAS) (LHG)</u>

Dear Counsel:

This matter comes before the Court upon Plaintiffs William and Margie Anderton's (collectively, "Plaintiffs") Motion to Remand. (Mot. to Remand, ECF No. 4.) Defendants Revlon Inc. and Revlon Consumer Products Corp. (collectively, "Revlon Defendants") opposed (ECF Nos. 78, 79), and Plaintiffs replied (ECF No. 82). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiffs' Motion to Remand.[1]

---

[1] The Court recognizes that Imerys Talc America, Inc., Imerys Talc Vermont, Inc., and Imerys Talc Canada Inc. filed bankruptcy cases in the United States Bankruptcy Court for the District of Delaware and invoked the automatic bankruptcy stay. (Correspondence, ECF No. 88.) The bankruptcy stay prohibits "continuation . . . of a judicial . . . action or proceeding against the debtor." 11 U.S.C. § 362. The stay is meant to protect debtors and/or their estates once bankruptcy proceedings have been initiated. *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 100 (3d Cir. 2008). Because this case was improperly removed, remanding does not constitute continuation of the proceedings. *Sanders v. Farina*, 67 F. Supp. 3d 727 (E.D. Va. 2014) (collecting cases) ("[R]emand is simply a finding that the court lacks power to hear the case and that the case belongs in another court. . . . Therefore, because a remand is not an adjudication on the merits, it does not jeopardize or infringe on a debtor's 'breathing' space or threaten to deplete the estate.") There, like here, the forum defendant rule prohibited removal. (*Id.*) Additionally, remand is assessed as of the time of removal, which occurred before the stay and is, therefore, not prohibited by the stay. *Shanahan v. Kolmar Labs., Inc.*, No. 18-8317, 2019 WL 935164, at *2 (S.D.N.Y. Feb. 26, 2019).

I.  **Background**

Plaintiffs filed this action in the Superior Court of New Jersey, Law Division, Middlesex County, and Revlon Defendants removed. (Notice of Removal, ECF No. 1.1.) Plaintiffs timely filed a motion to remand (ECF No. 4), and Revlon Defendants moved to dismiss for lack of personal jurisdiction[2] (ECF Nos. 57, 58). The Court terminated the motions to dismiss, pending the resolution of the motion to remand. (ECF No. 69.) Revlon Defendants opposed the motion to remand (ECF Nos. 78, 79), and Plaintiffs replied (ECF No. 82).

II.  **Legal Standard**

Defendants bear the burden of establishing removal is appropriate. *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Removal is governed by 28 U.S.C. §§ 1441-46. Section 1441(b)(2) provides: "A civil action otherwise removable [based on diversity jurisdiction] *may not be removed* if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (emphasis added). This is commonly referred to as the forum defendant rule. *See Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018). This rule exists to prevent favoritism for in-state litigants and discrimination against out-of-state litigants. *Id.* Section 1441(b)(2) "precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served." *Encompass Ins. Co.*, 902 F.3d at 152. Removal statutes are strictly construed against removal. *See Samuel-Bassett*, 357 F.3d at 396 (internal citation omitted). Furthermore, the Third Circuit has held that all doubts are to be resolved in favor of remand. *See id.* at 403. Removing defendants can challenge a motion to remand on Section 1441(b)(2) grounds by arguing that the forum defendant was either improperly joined or was not yet served at time of removal. *See Encompass Ins. Co.*, 902 F.3d at 153.

III.  **Discussion**

Revlon Defendants removed on diversity jurisdiction grounds. (Notice of Removal, ECF No. 1.) Revlon Defendants listed all defendants in this case along with their respective citizenship, including several New Jersey citizen defendants.[3] (*Id.*) Plaintiffs, therefore, argue that according to Section 1441(b)(2), removal was improper. (Pls.' Moving Br., ECF No. 4.)

---

[2] Cyprus Amax Minerals Co., Imerys Talc America, Inc., The Lincoln Electric Co., Union Carbide Corp., Revlon, Inc., and Revlon Consumer Products Corp. all moved to dismiss. (ECF Nos. 6, 7, 10, 48, 57, 58.)

[3] Plaintiffs aver that Defendants Brenntag Specialties, Inc.; Conopco, Inc.; Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Unilever United States, Inc.; and Whittaker Clark & Daniels, Inc. ("Forum Defendants") were all served on October 11, 2018. (Pls.' Moving Br. 3, ECF No. 4-1.) Plaintiffs attached Affidavits of Service to the Motion to Remand. (Lytle Decl. Ex. A., ECF No. 4-2.) Revlon Defendants, did not challenge the validity of these affidavits or that the Forum Defendants were served on October 11, 2018.

The Court agrees. It is undisputed that there are Forum Defendants in this case who were properly joined and served at the time of removal. Revlon Defendants do not address Plaintiffs' argument regarding the forum defendant rule. (*See generally* Defs.' Opp'n Br., ECF. Nos. 78, 79.) Revlon Defendants do not contend that the Forum Defendants are not New Jersey citizens or that they were either improperly joined or not served. (*See generally id.*) Instead, Revlon Defendants argue that this Court has discretion to address the personal jurisdiction question first.[4] (*Id.* at 4 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999) (holding the district court did not err in granting motion to dismiss for lack of personal jurisdiction before establishing subject matter jurisdiction)).) Revlon Defendants, therefore, appear to concede that the removal was improper. (*See generally* Defs.' Opp'n Br.)

*Ruhrgas* is inapposite because Section 1441(b)(2) did not prohibit removal and the subject matter jurisdiction question was uniquely challenging. *Ruhrgas AG*, 526 U.S. at 587-88. Revlon Defendants argue that the Court has discretion to dismiss the case rather than remand, but do not provide a compelling reason to do so in light of the improper removal. The Court, therefore, declines to exercise its discretion and reach the motion to dismiss.

## IV. Conclusion

For the reasons set forth above, the Court grants Plaintiffs' Motion to Remand. (ECF No. 4.) The Court will enter an Order consistent with this Letter Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court finds Revlon Defendants' constitutional argument—that a remand itself would violate the Constitution—unavailing, as it was not accompanied by any legal citation.

3